

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–482

| | |
|---|---|
| | **Opinion Delivered** December 11, 2013 |
| ALFRED JAMES WALKER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. CR-12-2081]<br><br>HONORABLE HERBERT WRIGHT, JUDGE<br><br>AFFIRMED |

## RHONDA K. WOOD, Judge

Appellant Alfred James Walker was convicted of theft of property greater than $1,000 but less than $5,000, a Class D felony. On appeal, he challenges the sufficiency of the evidence supporting his conviction. His argument is not preserved for appeal, and we affirm.

Arkansas Rule of Criminal Procedure 33.1 requires a defendant to renew a motion for directed verdict or dismissal at the "close of the case" in order to preserve for review any question pertaining to the sufficiency of the evidence. To preserve for appeal the issue of the sufficiency of the evidence in a criminal case, the appellant must move for a directed verdict both at the close of the State's case and at the close of the whole case. *King v. State*, 338 Ark. 591, 999 S.W.2d 183 (1999). Here, Walker moved to dismiss the charges against him at the close of the State's evidence. However, at the close of all

evidence, he failed to renew his motion. Following the strict standard set out in Rule 33.1(c), Walker failed to preserve for appellate review the issue of sufficiency of the evidence.

Affirmed.

GLOVER and HIXSON, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, and *Brandy Turner*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Nathan Aylesworth*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.